FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
-------------------------------------------------------X   2013 JUN 11  AM 11:48
Naquelle Williams,

                CLERK, US DISTRICT COURT
                MIDDLE DIS. Civil Action No.: 3:13-cv-669-J-26TEM
       Plaintiff,   JACKSONVILLE FLORIDA

    -against-          **COMPLAINT AND DEMAND**
                 **FOR TRIAL BY JURY**

Enhanced Recovery Company, LLC,

       Defendant.
-------------------------------------------------------X

   Now comes Plaintiff Naquelle Williams (hereinafter referred to as "Plaintiff"), by and through her attorneys, Fredrick Schulman & Associates, Attorneys at Law, and brings this action to recover monetary damages, and declaratory and injunctive relief, against Defendant Enhanced Recovery Company, LLC. (Hereinafter referred to as "Defendant"), arising from Defendant's violations of 15 U.S.C. §1692 *et seq.*, commonly referred to as the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA").

## PRELIMINARY STATEMENT

   The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. §1692(a)-(e).

1

## PARTIES

1. Plaintiff is a resident of the State of Ohio, County of Franklin, residing at __ Gahanna, Ohio 43230. At all relevant times herein, Plaintiff maintained her residence at this address.

2. At all relevant times herein, Plaintiff is a "consumer" as that term is defined in 15 U.S.C. §1692a(3) of the FDCPA

3. Upon information and belief, Defendant is a corporation incorporated under the laws of the State of Delaware and authorized to conduct business in the State of Ohio.

4. Upon further information and belief, Defendant is engaged in the business of debt collection of debts incurred, and alleged to be incurred, for personal, family or household purposes, and is a collection firm with its principal place of business at 8014 Bayberry Rd, Jacksonville, Florida 32256.

5. Upon information and belief and at all relevant times, Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. §1692a(6) of the FDCPA.

6. Upon information and belief, on a website maintained by the Defendant at the URL address of www.erccollctions.com, Defendant informs visitors to the site "ERC provides the following receivables management collection services: Pre-Collect (First and Third Party), Primary Collection Services, Secondary Collection Services.." Thus, Defendant holds itself out as an entity engaged in the business of being a "debt collector" and is subject to the requirements of the FDCPA.

7. Upon information and belief, Defendant was attempting to collect a "debt" from the Plaintiff as that term is defined in 15 U.S.C. §1692a(5) of the FDCPA.

8. Upon further information and belief, at all relevant times herein, Defendant knew or had reason to know that it was obligated to comply with the provisions of the FDCPA when attempting to collect a debt allegedly owed by Plaintiff.

## JURISDICTION AND VENUE

9. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as well as 15 U.S.C. §1692 *et. seq.* and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. §1367(a).

10. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2).

## GENERAL FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS

11. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "10" herein with the same force and effect as if the same were set forth at length herein.

12. Plaintiff allegedly incurred a debt to AT T.

13. Upon information and belief, the nature of the underlying debt allegedly owed by the Plaintiff is the type of debt the FDCPA was designed to regulate.

14. Beginning on or about August 2008, Defendant commenced collection activities against Plaintiff to recover a debt Defendant believed the Plaintiff was obligated to pay (referred to hereinafter as the "Alleged Debt").

15. Defendant reported the Alleged Debt to two credit reporting agencies, Experian and TransUnion, in or around October 2008.

16. On or about November 9, 2012, Plaintiff sent a dispute letter to Defendant, requesting validation of the Alleged Debt (See letter, attached hereto and incorporated herein by reference as "Exhibit A").

3

17. Defendant received the letter via facsimile on November 12, 2012.

18. Defendant willfully failed to update the Plaintiff's credit report as disputed to reflect the accurate status of the debt (See credit reports, attached hereto and incorporated herein by reference as "Exhibit B and C")

19. Defendant left its wrongful and incomplete information on the credit reports despite its knowledge of the dispute. This significantly harmed the Plaintiff and his credit reputation.

20. The foregoing action by Defendant violated 15 U.S.C. §1692e, which prohibits the use of any false, deceptive or misleading representation or means in attempt to collect a debt.

21. The foregoing action by Defendant violated 15 U.S.C. §1692e(8), which requires that disputed account be communicated as disputed.

22. The foregoing action by Defendant violated 15 U.S.C. §1692e(10), which prohibits the use of false representation and deceptive means in attempt to collect a debt.

23. The foregoing action by Defendant violated 15 U.S.C. §1692f which prohibits using unfair and unconscionable means in attempt to collect a debt.

24. As a result of the Defendant's deceptive, misleading and unfair debt collection practices, the Plaintiff has been damaged.

25. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

### FIRST CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692e

26. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "25" herein with the same force and effect as if the same were set forth at length herein.

27. The Defendant's conduct violated 15 U.S.C. §1692e in that the Defendants used false, deceptive and misleading representation and means in attempt to collect a debt.

28. As a result of the Defendant's violation of the FDCPA, the Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## SECOND CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692e(8)

29. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "28" herein with the same force and effect as if the same were set forth at length herein.

30. The Defendant's conduct violated 15 U.S.C. §1692e(8) in that the Defendants failed to communicate with the credit bureau that the disputed debt was disputed.

31. As a result of the Defendant's violation of the FDCPA, the Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## THIRD CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692e(10)

32. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "31" herein with the same force and effect as if the same were set forth at length herein.

33. The Defendant's conduct violated 15 U.S.C. §1692e(10) in that the Defendants used false representation and deceptive means in attempt to collect the alleged debt.

34. As a result of the Defendant's violation of the FDCPA, the Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## FOURTH CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692f

35. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "34" herein with the same force and effect as if the same were set forth at length herein.

36. The Defendant's conduct violated 15 U.S.C. §1692f in that the Defendants used unfair and unconscionable means in attempt to collect a debt.

37. As a result of the Defendant's violation of the FDCPA, the Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## DEMAND FOR TRIAL BY JURY

38. Plaintiff hereby demands a trial by jury for all claims and issues in this complaint for which the Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Naquelle Williams demands judgment from the Defendant Enhanced Recovery Company, LLC, as follows:

A. For actual damages provided and pursuant to 15 U.S.C. §1692k(a)(1);

B. For statutory damages provided and pursuant to 15 U.S.C. §1692k(a)(2)(A):

C. For attorneys' fees and costs provided and pursuant to 15 U.S.C. §1692k(a)(3);

D. For a declaration that the Defendant's practices violated the FDCPA; and,

E. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

6

Dated: New York, New York
June 10, 2013

                Respectfully submitted,

By: _/s/ Jerald Belofsky_
Jerald Alan Belofsky, Esq. (249262)
FREDRICK SCHULMAN & ASSOCIATES
Attorneys at Law
Attorney for Plaintiff
30 East 29TH Street
New York, New York 10016
(212) 796-6053